UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LISA HILLIARD, CHRISTIAN HILLIARD, JABORI HILLIARD & MA'KHAIL HILLIARD<br>Plaintiffs | )<br>)<br>)<br>) | Civil Action<br>Case No.:<br><br>Section |
| versus | )<br>) | Judge |
| TIKI TUBING, L.L.C.<br>Defendant | )<br>)<br>) | Magistrate Division<br>Magistrate Judge |

## **COMPLAINT**

NOW COME, through undersigned counsel, Plaintiffs, Lisa Hilliard, Christian Hilliard, JaBori Hilliard, and Ma'Khail Hilliard, who for their Complaint respectfully aver:

1.

Plaintiff, Lisa L. Hilliard, is a person of the full age of majority and a citizen of the State of Louisiana. At all material times Lisa Hilliard was married to Keith A. Hilliard until his death on June 19, 2021.

2.

Plaintiff, Christian J. Hilliard, is a person of the full age of majority and a citizen of the State of Louisiana. Christian Hilliard is the natural son of Keith A. Hilliard.

3.

Plaintiff, JaBori D. Hilliard, is a person of the full age of majority and a citizen of the State of Louisiana. JaBori Hilliard is the natural son of Keith A. Hilliard.

4.

Plaintiff, Ma'Khail Hilliard, is a person of the full age of majority and a citizen of the State of Louisiana. Ma'Khail Hilliard is the natural son of Keith A. Hilliard.

5.

Named Defendant is Tiki Tubing, L.L.C., a Louisiana limited liability company with its principal place of business in Denham Springs, Louisiana.

6.

Plaintiffs bring this wrongful death and survival claim arising out of the death of Keith A. Hilliard on June 19, 2021.

7.

This Court has jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 30101, and the provisions of the general maritime law. Plaintiffs' claims arise from the alleged negligence of Defendant and resulting wrongful death of Keith A. Hilliard that occurred on the navigable waters of the State of Louisiana on the Amite River that was being used by Tiki Tubing, LLC, for commercial purposes. *Weeks v. Alonzo Cothron, Inc.*, 426 F.2d 674 (5th Cir. 1970).

8.

Plaintiffs designate this matter as a claim under Rule 9(h) of the Federal Rules of Civil Procedure.

9.

Venue is appropriate pursuant to 28 U.S.C. § 98(b).

10.

Defendant, Tiki Tubing, L.L.C., operates a commercial business enterprise providing its customers with flotation tubes for transport on the Amite River.

11.

Mr. and Mrs. Keith and Lisa Hilliard and their three children wanted to spend Father's Day together and inquired about tubing on the Amite River. Mrs. Lisa Hilliard contacted Tiki

Tubing with questions about the safety of the tubing experience. Mrs. Hilliard notified Tiki Tubing that her husband could not swim and asked if it was safe for him and if life jackets would be provided. The Tiki Tubing representative assured Mrs. Hilliard that the Amite River was safe and shallow, and that if anyone were to fall out of their tube they needed to only stand-up because the water depth in the river was waist deep or less. The Tiki Tubing representative further told Mrs. Hilliard that life jackets were available for children only, but that life jackets were not needed for adults because of the shallow depth of the river.

12.

Relying on the statements and assurances made by Tiki Tubing that the river was safe and shallow, on June 19, 2021, Keith Hilliard, Lisa Hilliard, Christian Hilliard, JaBori Hilliard, and Ma'Khail Hilliard arrived at Tiki Tubing to spend their Father's Day together.

13.

Upon arrival at the Tiki Tubing facility, they boarded a bus to be taken to a location up-river. No life jackets were provided, and no safety instructions were provided.

14.

After disembarking the bus, the Hilliards were provided a tube and shown to the location to enter the Amite River. Mr. Keith Hilliard sat on his tube and proceeded away from the bank.

15.

Within minutes, Mr. Hilliard fell out of his tube into the river. Unfortunately, the river depth was more than six feet, and he was unable to stand and became submerged. A frantic search for Mr. Hilliard ensued as he remained submerged under the water. When he was eventually found, he was unconscious, non-responsive, and dragged to land. Prolonged attempts at resuscitation were unsuccessful, and Mr. Hilliard died.

16.

Defendant, Tiki Tubing, LLC, was liable, negligent, and at fault through its agents, servants, and employees, as follows:

a) Falsely assuring its customers who could not swim that the Amite River was safe and that life jackets were not necessary or required because of the alleged shallow river depth;
b) Failing to warn its customers of the true depth of the Amite River;
c) Misrepresenting the true depth of the Amite River to its customers;
d) Failing to warn its customers of the safety hazards presented by the Amite River and tubing activities;
e) Misrepresenting the safety hazards presented by the Amite River;
f) Failing to provide life jackets and other personal flotation devices to its customers;
g) Failing to provide safety equipment to its customers;
h) Failing to provide adequate water and marine safety education, training, or instruction to its customers;
i) Failing to properly train, instruct, and supervise its employees, staff, and agents;
j) Failing to provide adequate and safe gear, equipment, and appurtenances;
k) Failing to comply with applicable rules and regulations promulgated by OSHA, the United States Coast Guard, the Louisiana Department of Wildlife and Fisheries, and/or other federal and state governmental and/or quasi-governmental agencies;
l) Failing to do what it should have done; and
m) All other acts of negligence and fault that may be identified during discovery and proven at trial.

17.

The incident was caused by no fault of Plaintiffs and was caused by the exclusive fault and negligence of Defendant.

18.

Plaintiffs bring this action for the wrongful death and survival of Keith Hilliard. Plaintiffs' damages include: (a) wrongful death of Keith Hilliard; (b) survival damages of Keith Hilliard; (c) burial and funeral expenses: (d) loss of earnings and/or earning capacity, past, present, and future; (e) medical expenses, past, present and future; (f) punitive damages; and (g) all general and special damages, past, present, and future.

19.

Plaintiffs also bring a claim for damages under article 2315.6 of the Louisiana Code of Civil Procedure for the mental anguish that they each suffered watching their husband and father drown to death.

20.

Defendant is liable for the negligence and fault of its employees, agents, and servants under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiffs, Lisa Hilliard, Christian Hilliard, JaBori Hilliard, and Ma'Khail Hilliard, respectfully pray that this Complaint be deemed good and sufficient, and that Defendant, Tiki Tubing, LLC, be duly served and summoned with a copy of this Complaint, and that it be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Plaintiffs, Lisa Hilliard, Christian Hilliard, JaBori Hilliard, and Ma'Khail Hilliard, and against Defendant, Tiki Tubing, LLC, in an amount that is reasonable under the premises, and together with all costs of these proceedings, punitive damages, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Respectfully submitted,

  *Joseph S. Piacun*
JOSEPH S. PIACUN  (25211)
REID S. UZEE (31345)
Piacun Law Firm LLC
1340 Poydras Street, Suite 2100
New Orleans, Louisiana 70112
Telephone: (504) 867-4542
Facsimile: (504) 455-7565
Email: jpiacun@piacunlaw.com
**Attorneys for Plaintiffs,**
**Lisa Hilliard, Christian Hilliard, JaBori Hilliard**
 **and Ma'Khail Hilliard**